23850. SPENCE v. SPENCE.

ARGUED DECEMBER 13, 1966—DECIDED JANUARY 5, 1967.

*C. C. Perkins,* for appellant.

*Johnson & Johnson, W. P. Johnson,* for appellee.

ALMAND, Justice. The sole question for our decision is whether the court erred in sustaining a general demurrer of the father to the petition of the mother seeking to obtain custody of the two minor children of the parties when custody of the children had been previously granted to the father.

Mrs. Norma Jane Spence, the mother, instituted an action for divorce against her husband Allan Dwight Spence; and Allan Dwight Spence cross petitioned and was granted a divorce on April 26, 1966. In the final decree the custody of the two children of the parties was awarded to the father reserving the rights of visitation and possession to the mother at certain stated periods.

In August 1966, in an independent action against the father, the mother sought to obtain the custody of the children on the ground that there had been a material change in the circumstances substantially affecting the welfare and best interests of the children. In her petition setting out such change, she alleged: (1) "[t]hat the first week the mother got the children she carried them to Dr. Thompson as they were sick, and Dr. Thompson prescribed medicine for them, which the grandmother poured down the drain and gave the baby a patent medicine," (2) "[t]hat Allan Dwight Spence, father, is not residing with the children now, but has an apartment at 710 Columbia Avenue, College Park, Georgia, and was not at home with the children a single night this week, despite the fact that defendant got off at four p. m. some afternoons," (3) "[t]hat the health and welfare of the children is not being properly cared for or looked after at the present," (4) "[t]hat since Allan Dwight Spence is staying in College Park, Georgia, that the children do not have a mother or father at home," (5) "[t]hat the health, welfare and educational well-being and best interests of the children will be materially changed and improved by custody being granted to their mother," and (6) "[t]hat the health and well-being of the children is not being properly cared for at the present by their grandparents or their father."

We are of the opinion that as against a general demurrer the allegations in the petition were sufficient to allow the mother a hearing, and it was error to dismiss her petition.

*Judgment reversed. All the Justices concur.*